UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

*****************************************************
| HILDA L. SOLIS, Secretary of Labor, | * |
| United States Department of Labor, | * |
| | * |
| Plaintiff, | * |
| | *    CIVIL ACTION |
| v. | *    FILE NO. |
| | * |
| HARVEY L. SLOBODKIN | * |
| | * |
| | * |
| Defendant. | * |
*****************************************************

## COMPLAINT

Hilda L. Solis, Secretary of the United States Department of Labor, hereby alleges:

(1) This action arises under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1001, et seq., and is brought to redress violations, to obtain restitution from employee benefit plan fiduciaries and to obtain other appropriate relief necessary to enforce the provisions of Title I of ERISA pursuant to §§502(a)(2) and (5), 29 U.S.C. §§1132(a)(2) and (5).

(2) The Court has jurisdiction over this action pursuant to ERISA §502(e)(1), 29 U.S.C. §1132(e)(1).

(3) Venue of this action lies in the District of Massachusetts pursuant to ERISA §502(e)(2), 29 U.S.C. §1132(e)(2).

(4) Defendant Harvey L. Slobodkin ("Slobodkin") was the President, treasurer and director of Boston Baby of Braintree, Inc., Boston Baby of Newton, Inc., and Boston

Baby of Danvers, Inc., and a manager of 304 Bodwell Associates, LLC, and was the sole owner of these now defunct entities, hereinafter collectively referred to as "Boston Baby."

(5) Boston Baby established the Boston Baby, Inc. SIMPLE IRA Plan (the "SIMPLE Plan"), and the Boston Baby, Inc. Welfare Plan (the "Welfare Plan"), (together hereinafter, the "Plans"), both employee benefit plans within the meaning of ERISA §3(3), 29 U.S.C. §1002(3), and which are covered under ERISA pursuant to §4(a), 29 U.S.C. § 1003(a).

(6) The purpose of the SIMPLE Plan was to provide retirement benefits, and the purpose of the Welfare Plan was to provide welfare benefits for the exclusive benefit of the participants, employees of Boston Baby.

(7) Boston Baby was the sponsor of the Plans, as defined by ERISA §3(16)(B)(i), 29 U.S.C. §1002(16)(B)(i), and at all times relevant hereto, was a party in interest within the meaning of ERISA §§3(14)(A) and (C), 29 U.S.C. §§ 1002(14)(A) and (C).

(8) At all relevant times, Boston Baby had been an employer within the meaning of ERISA §3(5), 29 U.S.C. §1002(5), and had been a corporation having offices and places of business in Braintree, Newton, Danvers, and Avon, Massachusetts within the jurisdiction of this Court.

(9) At all relevant times, Slobodkin was the sole Trustee of the Plans. In addition, Slobodkin served as Plan Administrator and exercised discretionary authority and/or control respecting management of the Plans, and exercised authority and/or control respecting management or disposition of assets of the Plans. As such, Slobodkin was, and is, a fiduciary with respect to the Plans within the meaning of ERISA §3(21)(A),

29 U.S.C. §1002(21)(A).  Furthermore, Slobodkin was the President, treasurer and director and sole owner of Boston Baby and was a party in interest with respect to the Plans within the meaning of §§3(14)(A),(E) and (H) , 29 U.S.C. § 1002(14)(A)(E) and (H).

(10)    During the relevant time period, Slobodkin failed to ensure withheld employee contributions were forwarded to the Plans.  The contributions withheld on behalf of each Plan participant became assets of the Plans by operation of 29 C.F.R. §2510.3-102.

(11)    During the relevant time period, Slobodkin failed to forward to the Plans withheld employee contributions totaling $16,462.10, consisting of $14,126.27 to the SIMPLE Plan and $2,335.83 to the Welfare Plan.

(12)    At all relevant times, Defendant Slobodkin was responsible for receiving and collecting any and all monies and other property due to the Plans, including contributions, and for properly managing the assets of the Plans, including the withheld employee contributions.

(13)    During the relevant time period, Defendant Slobodkin failed to take appropriate measures to receive and collect any and all employee contributions due to the Plans, and to ensure that the withheld employee contributions, as assets of the Plans, were properly forwarded to the Plans' accounts.

(14)    Defendant Slobodkin filed a voluntary, Chapter 7 bankruptcy petition on October 20, 2006 with the United States Bankruptcy Court, District of Massachusetts, Eastern Division (Boston), *In re* Harvey L. Slobodkin, Docket Number 06-13807 (JNF). This proceeding was discharged April 3, 2008. No assets were available for distribution from this proceeding.

(15)     An adversary proceeding was commenced by the Secretary on April 18, 2007 with the filing of a Complaint for the Determination of Dischargeability of Debt, <u>Secretary of Labor v. Defendant Harvey L. Slobodkin</u>, Docket Number 07-01172 (JNF). On February 15, 2008 the parties' Joint Motion for an Order Approving Stipulation for Judgment Regarding Adversary Proceeding Brought by the Secretary of Labor was allowed by the court, U.S. Bankruptcy Judge Joan N. Feeney.  Pursuant to the stipulation, the parties agreed that the debt incurred by the Debtor, Harvey L. Slobodkin, in the total amount of $16,462.10, was a nondischargeable debt pursuant to 11 U.S.C. §523(a)(4) for the employee contributions that were not forwarded to the Plans.  (See attached Motion).

(16)     As a result of the conduct set forth at paragraphs 10-13, Defendant Slobodkin failed to discharge his fiduciary duties for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administering the Plans, in violation of ERISA §404(a)(1)(A), 29 U.S.C. §1104(a)(1)(A).

(17)     As a result of the conduct set forth at paragraphs 13-16, Defendant Slobodkin failed to discharge his fiduciary duties with care, skill, prudence and diligence, in violation of ERISA  §404(a)(1)(B), 29 U.S.C. §1104(a)(1)(B).

(18)     As a result of the conduct set forth at paragraphs 10-13, Defendant Slobodkin engaged in prohibited transactions by causing or permitting the Plans to engage in transactions constituting a direct or indirect transfer to or use of Plan assets for the benefit of, a party in interest with respect to the Plans, in violation of ERISA §406(a)(1)(D), 29 U.S.C. §1106(a)(1)(D).

(19)     As a result of the conduct set forth at paragraphs 10-13, Defendant Slobodkin engaged in prohibited transactions by dealing with the assets of the Plans in

his own interest or for his own account, in violation of ERISA §406(b)(1), 29 U.S.C. §1106(b)(1).

(20)     As a result of the conduct set forth at paragraphs 10-13, Defendant Slobodkin has caused losses to the Plans in the amount of $16,462.10, plus interest, which amount was judged to be a non-dischargeable debt in Defendant's bankruptcy proceedings.

WHEREFORE, the Secretary of Labor prays that this Court enter an Order:

(1)     Permanently enjoining Defendant Slobodkin from violating, or knowingly participating in violations of, the provisions of ERISA §§404 and 406, 29 U.S.C. §§1104 and 1106, and barring the Defendant from serving as a fiduciary to any ERISA-covered plan.

(2)     Requiring Defendant Slobodkin to restore all monies due to the Plans as a result of his fiduciary breaches, as well as lost earnings resulting from said breaches.

(3)     Appointing an independent fiduciary for the purpose of having appropriate allocations and disbursements made to each of the Plans' participants whose Plan accounts were underfunded, and for the purpose of terminating the Plans.

(4)     Awarding to Plaintiff the costs of this action, and other relief as is equitable and just.

Carol A. DeDeo
Deputy Solicitor for National Operations

Post Office Address:                         Michael D. Felsen
Office of the Solicitor                      Acting Regional Solicitor
J.F.K. Federal Building,
Room E-375                                   */s/ Christine A. Collins*
Boston, MA  02203                            Christine A. Collins
(617) 565-2500                               BBO # 552660
FAX (617) 565-2142                           United States Department of Labor
                                             Attorneys for the Plaintiff

DATE:  June 10, 2009

5